UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JOHN MITCHELL GANTLEY                                                                  PLAINTIFF

v.                                                                  CIVIL ACTION NO. 5:08CV-P131-R

LADONNA H. THOMPSON et al.                                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, John Mitchell Gantley, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Penitentiary (KSP). He sues in their official capacities LaDonna H. Thompson, Commissioner of the Department of Corrections; Thomas L. Simpson, warden at KSP; and Rick Money, vocational instructor at KSP. He states that while in his vocational carpentry class he asked Defendant Money if he could attend his religious service at 10:30 at the chapel. Plaintiff states that he was told that he would not be allowed to attend the Odinist religious service and that he would have to choose between his vocation and his religion. He states that Warden Simpson stated in the response to his grievance that it was the inmate's responsibility to find a vocation that does not interfere with his religion.

As relief, Plaintiff wants monetary and punitive damages and injunctive relief in the form of being allowed to go to religious services and stay in vocational school.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

*Official capacity claims*

Plaintiff sues Defendants in their official capacity.  Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983.  Moreover, Defendants are immune from monetary damages under the Eleventh Amendment.  *See id.*  The Court will dismiss the claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10.  The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach.  There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id.* at 757.  Along with monetary damages, Plaintiff's complaint requests prospective injunctive relief in the form of being allowed to continue with the vocational class and to attend religious services.  Consequently, Plaintiff's § 1983 action, insofar as it is for injunctive relief against Defendants in their official capacity, is not barred by the Eleventh Amendment's grant of sovereign immunity.  The Court therefore will allow those claims to proceed.

### III. CONCLUSION

For the foregoing reasons, by separate order, Plaintiff's claims for monetary damages against Defendants will be dismissed for failure to state a claim.  The Court will allow Plaintiff's claims against Defendants for injunctive relief to go forward.  In doing so, the Court does not pass judgment on the ultimate merit of those claims.  A separate order will be entered to govern the development of those claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009